By the Court.—Sedgwick, Ch. J.
—The cases of the Bank of Commonwealth v. Temple (39 How 432), and Hathaway v. Johnson (55 N. Y. 93), sustain the proposition that in an action against partners on contract, to justify an arrest of any defendant, it is necessary to prove that he actually and individually participated in the fraud,' which it may be alleged was connected with the contracting of the liability. It is necessary to show by affidavit “ that the defendant was guilty of a fraud in contracting or incurring »a liability.” The court of appeals, in Hathaway v. Johnson (supra) said of a like provision of the Code of Procedure (§ 179), “He .must have been guilty of a fraud; *125 and this implies personal misconduct-, moral or actual, and not merely legal or constructive fraud, in respect to the transaction which is the subject of the suit.”
The affidavits showed guilt on the part of Hugh F. Kendall. They also presented facts, which, if not explained, would support the conclusion that Charles B. Kendall was guilty also. On the motion below, the latter did attempt to make explanation. It is, at once seen, that the improbability is great, that he should be so ignorant of the affairs of the firm, as it was necessary to show that he was, to make a sufficient explanation. It was not impossible, however, that he should entirely trust to his brother, and. with great negligence indeed, but no criminality, omit to look at the accounts, and not inquire as to those details of the business, which were not in his own charge. It is a fact of great weight against him, that an action was pending against the firm for $11,000, for a business indebtedness over-due for a long time, in which service of summons was made upon him, and that he should still believe that the firm was solvent, and could honestly continue to make purchases. Again, however, it was possible, that he should believe that the firm was able to pay this indebtedness, if the leniency of the creditors would allow the firm to apply the necessary cash to its other general business, while paying the indebtedness, in convenient installments, and that he should believe that the creditor after beginning his action would, in fact, extend as much leniency in the future as he had in the past.
The point then, was, on the motion to vacate the order of arrest, did the defendant show this possible, but improbable state of things ? The answer to this depended upon the credence due to the defendant. His assertions were somewhat corroborated by the affidavit of the book-keeper, and by some intrinsic probabilities arising from the mode of conducting the business. On this appeal, I cannot find what would justify a difference in opinion from the judge below, who was satisfied that the affidavit of the defend-, ant was truthful.
*126 The order appealed from is affirmed, with $10 costs.
O’ Gorman, J., concurred.